# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1305

CA 13-01063

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF BATTAGLIA DEMOLITION, INC.,
BATTAGLIA TRUCKING, INC. AND PETER BATTAGLIA,
PETITIONERS-APPELLANTS,

V                                                MEMORANDUM AND ORDER

CITY OF BUFFALO, CITY OF BUFFALO COMMON COUNCIL,
CITY OF BUFFALO DEPARTMENT OF ECONOMIC
DEVELOPMENT, PERMIT & INSPECTION SERVICES AND
PATRICK SOLE, JR., AS DIRECTOR OF PERMIT &
INSPECTION SERVICES, RESPONDENTS-RESPONDENTS.

---

JOSEPH F. GERVASE, JR., BUFFALO, FOR PETITIONERS-APPELLANTS.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (JOEL C. MOORE OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered March 19, 2013 in a proceeding pursuant to CPLR article 78.  The judgment granted the motion of respondents to dismiss the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondent City of Buffalo Common Council denying the application of petitioner Battaglia Demolition, Inc. (Battaglia Demolition) for a transfer station license (*see* Buffalo City Code § 263-27).  They also sought a determination that Battaglia Demolition does not require a transfer station license in light of the fact that petitioners possess other licenses and permits, and they sought to annul the determination of respondent Patrick Sole, Jr., as director of permit and inspection services for respondent City of Buffalo, denying the application of petitioner Battaglia Trucking, Inc. for a collector license (*see* § 263-26).  We conclude that Supreme Court properly granted respondents' motion to dismiss the petition (*see* CPLR 7804 [f]).  Contrary to petitioners' contention, the determinations with respect to the applications were neither "affected by an error of law [n]or . . . arbitrary and capricious" (CPLR 7803 [3]).  Petitioners' request for a determination that their possession of other licenses and permits obviates Battaglia Demolition's need for a transfer station license is not properly sought in a CPLR article 78 proceeding, which may not be used to

challenge the validity of a legislative act such as the Buffalo City Code provision requiring Battaglia Demolition to obtain such a license (*see generally* CPLR 7803; *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202).  We note in any event that there is no authority for petitioners' position that multiple other licenses may substitute for a transfer station license.

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court